NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MATTHEW GARRETT LIBMAN, *Petitioner*.

No. 1 CA-CR 23-0495 PRPC

FILED 07-18-2024

Petition for Review from the Superior Court in Maricopa County
No. CR2016-158226-001
The Honorable Michael C. Blair, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Respondent*

Zhivago Law PLLC, Phoenix
By Kerrie Droban Zhivago
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which
Judge Cynthia J. Bailey and Judge Maria Elena Cruz joined.

---

**M c M U R D I E**, Judge:

¶1　　　　Matthew Garrett Libman petitions this court to review the
denial of his post-conviction relief ("PCR") petition. We grant review but
deny relief.

## FACTS AND PROCEDURAL BACKGROUND

¶2　　　　After killing his adoptive father, Libman pled guilty to
second-degree murder and kidnapping. The court sentenced Libman to a
stipulated term of 25 years' imprisonment and probation upon release.
Libman initiated PCR proceedings, and the superior court appointed
counsel, who found no colorable claims.

¶3　　　　In May 2019, Libman filed an untimely *pro se* PCR petition.
Despite its untimeliness, the court considered the petition, granted multiple
extensions for Libman's reply brief, and reconsidered it after an erroneous
dismissal following a new judicial assignment. During that time, Libman
also acquired counsel, and the court granted Libman leave to file a
supplemental PCR petition. In June 2021, the court determined that the time
for Libman's reply to the State's response to his supplemental petition had
passed. The court scheduled an evidentiary hearing for September 2021.
The court then continued the hearing three times and vacated the continued
hearing pending Libman's requested competency evaluation. The court
found Libman competent in December 2022 and, after another continuance,
scheduled the evidentiary hearing for May 2023.

¶4　　　　At the hearing, the court noted that "all the motions to amend
were previously denied" and would only hear evidence about Libman's
claims of ineffective assistance of counsel. Libman argued and offered
evidence that his mental capacity was impaired during the crime and when
he accepted his plea agreement. He argued in his supplemental PCR
petition that his trial counsel was ineffective for choosing not to conduct a

full mental health evaluation, claiming this prejudiced him because a mental health evaluation "could have cast reasonable doubt on the elements" of his offenses, which "may have influenced the State to offer a more favorable plea." Finally, Libman argued that his first PCR counsel was also ineffective for failing to raise these arguments and concluding there were no colorable claims.

¶5        Libman's trial attorney testified at the hearing. When asked why he did not pursue a full mental health evaluation, he explained that "the defense that [Libman] was most interested in was a self-defense claim, a justification for the event, which was problematic if we were ever going to go [guilty except insane] because those really conflicted with one another." He clarified that a mental health assessment should not always be conducted because it can be damaging to a defendant's case:

> [I]t can either significantly hurt your position in plea negotiations, or it can sort of cut off defenses which is never something I like to do early in cases, or it sort of forces you down a singular path as well, which I think can also be a mistake before you have more discovery and had more time to discuss with your client what -- what routes they want to go.

¶6        The court denied Libman's petition, finding that Libman's counsel at both the trial and the PCR stage "did not act below the standards of care" and that there was no prejudice. The court noted that the defendant's claims were "speculative" and reasoned:

> [W]hy produce [an evaluation] if it's not going to help you, if it's going to hurt your client? You've got to make . . . an executive decision sometimes as an attorney as to what you're going to do. I don't see how that falls below the standard of care [if] he made a strategic or tactical decision rather not to do that because it wasn't going to help.

This petition for review followed. We have jurisdiction under A.R.S. § 13-4239(C) and Arizona Rule of Criminal Procedure 33.16(a)(1).

## DISCUSSION

¶7        We review the superior court's ruling on a PCR petition for an abuse of discretion. *State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4 (App. 2007). But whether counsel rendered ineffective assistance is a mixed question of

fact and law, which we review *de novo*, deferring to the superior court's factual findings. *State v. Denz*, 232 Ariz. 441, 444, ¶ 6 (App. 2013).

**¶8**      To prove ineffective assistance of counsel, a petitioner must prove that (1) the "representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). Effective assistance of counsel is ultimately concerned with the fundamental right to a fair trial. *See id.* at 687.

**¶9**      Libman argues that his trial counsel was ineffective because his counsel's "strategic decisions" were not adequately informed without a mental health evaluation. *See Strickland*, 466 U.S. at 691 ("Counsel's actions are usually based . . . on informed strategic choices."); *Correll v. Ryan*, 539 F.3d 938, 949 (9th Cir. 2008) ("An uninformed strategy is not a reasoned strategy. It is, in fact, no strategy at all."). He argues that the ineffective assistance prejudiced him because "[h]ad [counsel] sought a more thorough evaluation he would have had more information to present to the State during settlement negotiations, and quite possibly have procured a more favorable offer." Libman further claims that with an evaluation, he might have chosen to proceed to trial.

**¶10**      But Libman's argument fails. First, he cites *Strickland* for the proposition that counsel must make decisions that are "reasonable and informed." *See* 466 U.S. at 691. But *Strickland* does not require a "complete investigation." *See id.* at 690-91. Instead, the Supreme Court held:

> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations *or to make a reasonable decision that makes particular investigations unnecessary*.

*Id.* (emphasis added). *Strickland* further instructed courts to "apply[] a heavy measure of deference to counsel's judgments." *Id.* at 691.

**¶11**      Second, Libman relies on *Correll v. Ryan*, 539 F.3d 938. In *Correll*, the defense counsel was ineffective because he made "minimal efforts to explain" the sentencing hearing's significance to his client, failed to investigate the mitigating circumstances adequately, and "put on no

affirmative penalty phase defense whatsoever." *Id.* at 943-46. The court noted that defense counsel "could not recall what efforts he made to gather [his client's] psychiatric records" and asked no specific questions of his witnesses, rendering his investigation "substantively worthless." *Id.* at 945. The court was especially concerned with this deficient representation during the penalty phase because "there are no tactical considerations involved" by that point. *See id.* at 947 (quoting *Smith v. Stewart*, 189 F.3d 1004, 1008 (9th Cir. 1999)).

¶12         *Correll*'s concerns do not apply here. Libman does not argue that his counsel failed to meet with him or adequately explain the case. Nor was his counsel deficient for failing to present evidence at trial because Libman pled guilty without trial. Although Libman's trial counsel did not seek a mental health evaluation, he did retain an expert to perform a cursory evaluation to determine whether pursuing a guilty except insane defense was a viable strategy. This step alone is more than the "substantively worthless" investigation performed by counsel in *Correll*. *See Correll*, 539 F.3d at 945. Moreover, Libman's trial counsel testified that his decision not to obtain a mental health evaluation was a tactical one because doing so could "cut off defenses" before trial. Such considerations were not in play during *Correll*'s penalty phase. *See id.* at 947.

¶13         In short, unlike *Correll*, the evidence shows that Libman's trial counsel sought relevant information and made a reasoned, strategic decision not to obtain a full mental health evaluation. "Matters of trial strategy and tactics are committed to defense counsel's judgment[.]" *State v. Beaty*, 158 Ariz. 232, 250 (1988). And "disagreements in trial strategy will not support a claim of ineffective assistance of counsel, provided the challenged conduct had some reasoned basis." *State v. Vickers*, 180 Ariz. 521, 526 (1994) (quoting *State v. Nirschel*, 155 Ariz. 206, 208 (1987)). We conclude that trial counsel's representation did not fall below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 688.

¶14         Because trial counsel was not ineffective, we need not address prejudice. *See Strickland*, 466 U.S. at 691-92. Additionally, Libman's PCR counsel was not ineffective because trial counsel's actions did not create a colorable claim for relief.

## CONCLUSION

¶15 We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AGFV